IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Timothy Jackson Seeley

    Plaintiff,                                      No. CIV S-04-1800 DFL CMK P

    vs.

Teresa A. Schwartz, et al.,

    Defendants.

_____/        <u>ORDER</u>

        Plaintiff, Timothy Seeley, is a state prisoner proceeding pro se and informa pauperis. He brings this action under 42 U.S.C. § 1983, alleging a violation of his Free Exercise rights under the First and Fourteenth Amendments, a violation of his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 1997cc, and a violation of his rights under the American Indian Religious Freedom Act, 42 U.S.C. § 1996.  The following motions are pending before the court: defendants' motion to dismiss (doc. 38); plaintiff's motion to file an amended complaint or, in the alternative, to voluntarily dismiss the complaint (doc. 58);  two motions by plaintiff seeking an extension of time to "respond to the Attorney Generals [sic] Motion(s)" (doc. 60, 62) and; defendants' request to vacate the discovery cut-off date or to vacate the entire scheduling order (doc. 65).

1	In his August 15, 2005 motion seeking either to amend his complaint or be
2	granted a voluntary dismissal, plaintiff states that he needs to "specifically state each and every
3	claim upon which relief can be granted, which include new Native American Religious Rights
4	being violated..." and that he needs to attach exhibits to his complaint to "show the Court with
5	previous and new exhibit documents that plaintiff has in fact 'Exhausted Administrative
6	Remedies.'" (Mot. to Amend, pg 2.)  Plaintiff's motion to amend was not accompanied by a
7	proposed amended complaint.  As a litigant proceeding in forma pauperis, plaintiff's pleadings
8	are subject to evaluation by this court pursuant to the in forma pauperis statute.  See 28 U.S.C.
9	§ 1915.  Since plaintiff did not submit a proposed amended complaint, the court is unable to
10	evaluate it.  Plaintiff's motion for leave to amend must therefore be denied.
11	The court notes that plaintiff states in his August 15, 2005 motion to amend that
12	he did not attach evidence to his amended complaint filed March 10, 2005.  He indicates that this
13	is due to the court's denial of his February 10, 2005 motion to file an amended complaint due to
14	the complaint being vague and rambling and 143 pages long.  Plaintiff is advised that, should he
15	file another motion to amend his complaint,  he is free to file necessary exhibits with his
16	complaint.  However, he is cautioned that any amended complaint must contain a short and
17	concise plea for relief, such that the court and defendants are readily able to ascertain plaintiff's
18	claims and he is cautioned that any evidence attached must be relevant to the claims in his
19	complaint.
20	As it is obvious from plaintiffs's filing that he seeks to voluntarily dismiss his
21	complaint  in order to immediately file a new complaint alleging the same violations against the
22	same defendants, it is not in the interest of judicial economy to grant a voluntary dismissal.
23	Plaintiff's request for voluntary dismissal is denied.
24	///
25	///
26	///

Plaintiff has also filed two motions for an extension of time to respond the "Attorney Generals [sic] Motions." The court assumes that the motion to which plaintiff is referring is defendants' June 10, 2005 motion to dismiss. However, the court notes that plaintiff filed a "Response in Opposition to Defendant's [sic] Motion to Dismiss CC-II Cry as a Defendant" on August 22, 2005. Plaintiff is advised that the court will consider his August 22, 2005 response in opposition to defendants' motion to dismiss. To the extent that plaintiff is seeking to file a more detailed opposition to defendants' motion, he is granted an extension of time of thirty days from the date of service of this order to file such.

Finally, the court considers defendants' request to vacate the discovery cut-off date and the scheduling order. Good cause appearing, the court vacates the Scheduling Order issued on June 13, 2005. The court will issue a new scheduling order once it has ruled on the defendants' pending motion to dismiss. The court notes that the protective order staying discovery pending the court's ruling on defendants' motion to dismiss (doc. 54) is still in effect.

IT IS ORDERED THAT:

1. Plaintiff's motion for leave to amend his complaint is denied (doc. 58);

2. Plaintiff's request for voluntary dismissal is denied (doc 58);

3. Plaintiff's requests for an extension of time are granted. (Docs. 60, 62.) Plaintiff is granted thirty days form the date of service of this order to file a response to defendants' June 10, 2005 motion to dismiss and;

4. Defendants' request to vacate the scheduling order is granted. (Doc. 65.) The Scheduling Order issued on June 13, 2005 is vacated. The court will issue a new scheduling order once it has ruled on defendants' motion to dismiss this action as to defendant Cry.

DATED: October 5, 2005.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE