IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY JACKSON SEELEY

Plaintiff, No. CIV S-04-1800 DFL CMK P

vs.

TERSEA A. SCHWARTZ, et al.,

Defendants. FINDINGS & RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is defendants motion to dismiss this action against defendant Cry. (Doc. 38.)

At the onset, the court notes that the amended complaint filed on March 7, 2005 is not the operative complaint in this case. Instead, the complaint plaintiff submitted on March 21, 2005, which was served on defendants is the operative complaint in this proceeding. This complaint was identical to the March 7, 2005 amended complaint in its first fifteen pages; however the complaint submitted by plaintiff for service had an additional eighty-one pages attached to the complaint. (Def.'s Request for Judicial Notice of the Compl. Pl. Served on Defs.) This discrepancy became apparent to the court when it addressed defendants' motion to dismiss in

this action on behalf of defendant Cry. By separate order, the court took judicial notice that defendants were served with a complaint that differed from the amended complaint filed on March 7, 2005 and ordered the Clerk of the Court to file the fifteen page complaint and attachments which were served on defendants so that the record clearly reflected the operative complaint. All references to plaintiff's complaint refer to plaintiff's amended complaint (doc. 95) filed on February 10, 2006.

**I. Background**

Plaintiff is a state prisoner who is incarcerated at the California Medical Facility (CMF). He brings this action alleging violations of his First Amendment rights and of his statutory rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) against five present employees of the California Department of Corrections (CDC), including defendant Cry who is the Appeals Coordinator at the CMF.

Plaintiff contends that his religious beliefs have been burdened because he has been denied the right to smoke Kinnikinick, which contains herbs and tobacco, in the Main Yard at the CMF. Inmates at CMF are prohibited from possessing and using tobacco products; however members of the Native American Spiritual Circle can smoke Kinnikinick in a ceremonial pipe as part of their religious observances at the Sweat Lodge, located on CMF grounds. Plaintiff asserts that his religious beliefs differ from those of the Native American Spiritual Circle. Plaintiff states that CMF officials are forcing him to choose to practice his religious beliefs, including the use of Kinnikinick, in the way stipulated by prison officials or to not practice his religious beliefs at all. (Pl.'s Am. Comp. at 5-7.)

Plaintiff also asserts a claim against defendant Cry, arising from defendant Cry's participation in the departmental grievance appeal system and his subsequent rejection of some of plaintiff's appeals regarding the underlying matter. (Pl.'s Am. Complaint, supplemental materials at 34-35, 39.)

Plaintiff's amended complaint reveals that he filed several appeals regarding his

access to and use of Kinnikinick. Plaintiff lists the appeals he has filed in his amended complaint as follows. On April 22, 2004, CMF received a spiritual package addressed to plaintiff from the Crazy Cow Trading Post, which contained, among other things, Kinnikinick and Twist[1]. When prison staff refused to give plaintiff his package because it contained tobacco, he filed an inmate appeal dated May 6, 2004. On June 8, 2004, the appeal was granted at the second level, and plaintiff received the Kinnikinick and Twist from prison officials. (Pl.'s Am. Compl. at 5-6, supplemental materials at 54-55.)

On July 9, 2004, plaintiff filed an appeal requesting that he be allowed to smoke his Kinnikinick in a designated area in the Main Yard near the Sweat Lodge grounds. Plaintiff stated that this was the way he practiced his religious beliefs. On August 3, 2004, plaintiff's appeal was denied by the Warden at the second level because institutional procedures only allowed inmates to smoke Kinnikinick in the Sweat Lodge. The Appeal Response noted that plaintiff admitted that he choose not to attend ceremonies conducted in the Sweat Lodge. On November 3, 2004, plaintiff's appeal was denied by the Director of the CDC at the third level. (Pl.'s Am. Compl. at 6, supplemental materials at 59-63.)

On September 3, 2004, plaintiff filed an appeal as a staff complaint challenging the rejection of an appeal. The appeal alleged misconduct by defendant Cry for rejecting various appeals that plaintiff had tried to file about being allowed to smoke Kinnikinick in the Main Yard and for the processing of plaintiff's grievances. On September 15, 2004, the appeal was denied by the Warden at the second level. On March 10, 2005, the appeal was denied by the Director of the CDC at the third level. (Pl.'s Am. Compl supplemental materials at 35-39.)

On September 29, 2004, plaintiff received another spiritual package containing, among other things, Kinnikinick, Twist and Air-Cured Leaves. On October 14, 2004, plaintiff

---

[1]It is not clear from plaintiff's complaint, or his attached exhibits, what Twist is, although it appears it may be a component of Kinnikinick. The court assumes it is a product used in Native American Ceremonies.

filed an appeal because prison staff did not want to give the package to plaintiff because it contained tobacco. On December 28, 2004, the appeal was denied at the first level because plaintiff, by his own admission, no longer participated in the Native American Spiritual Circle. On February 16, 2005, the appeal was denied at the second level. Additionally, on December 21, 2004, a memorandum was issued stating a new policy that only allowed an Authorized Pipe Holder to possess tobacco products for use at the Sweat Lodge and Sweat Lodge ceremonies. (Pl.'s Am. Compl. at 8, supplemental materials 19-20, 23-25, 30-32.)

In his amended complaint, plaintiff asserts that between August 1, 2004 and February 28, 2005, he tried four times to file appeals that were rejected. Plaintiff's amended complaint states that he has been "barred from the institutional appeal process by defendant Cry." Plaintiff asserts that defendant Cry has stymied plaintiff's attempts to file appeals by stamping "duplicate issue" and "rejected" on plaintiff's submitted appeals. Plaintiff also asserts in his amended complaint that defendant Cry violated procedures by himself answering the complaint that plaintiff filed against him. (Pl.'s Am. Compl. at 6, supplemental materials 71-74, 87.)

The eighty-one pages which were attached to plaintiff's complaint reveal that plaintiff attempted to file an appeal on August 1, 2004 asserting that he was being denied his right to practice his religious beliefs. The appeal was rejected by defendant Cry on August 2 and August 26, 2004 because it raised issues that were duplicates of plaintiff's previous appeals concerning plaintiff being able to smoke Kinnikinick in the Main Yard. Plaintiff apparently tried to file an appeal on August 10, 2004, challenging the rejection of his August 1, 2004 appeal. The August 10, 2004 appeal was rejected as a duplicate issue on August 12, 2004 because the issue was addressed by Lt. St. Germain in the Appeal Response dated August 12, 2004. Finally, plaintiff tried to file a Staff Complaint against defendant Cry on August 23, 2004 for rejecting the August 1, 2004 appeal. This appeal was rejected on August 26, 2004. (Pl.'s Am. Compl. supplemental materials at 70-74.)

///

**II. Standard of Review**

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff. See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects." See Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**III. Discussion**

Defendant Cry asserts that this action should be dismissed against him because plaintiff has not alleged that defendant Cry engaged in any conduct which violated plaintiff's constitutional rights. The Civil Rights Act, 42 U.S.C. § 1983, provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977). The Ninth Circuit has stated that inmates have no legitimate claim of entitlement to a prison grievance procedure. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Here, plaintiff's only allegations against defendant Cry are that defendant Cry participated in the inmate grievance process and denied or rejected plaintiff's appeals. Specifically, plaintiff asserts that defendant Cry injured him by denying the relief sought by plaintiff in his prison grievances or by rejecting his prison grievances. Plaintiff cannot establish that defendant Cry violated his constitutional rights. Accordingly, the undersigned finds that plaintiff's claim against defendant Cry should be dismissed for failure to state a claim.

**IV. Conclusion**

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss this action as to defendant Cry be granted (doc. 38); and

2. This action should proceed against defendants Schwartz, Norris and Cullen.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE