IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY JACKSON SEELEY,

     Plaintiff,                     No. CIV S-04-1800 DFL CMK P

     vs.

TERESA A. SCHWARTZ, et al.,

     Defendants.

_____/        ORDER

       Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). On December 1, 2005, plaintiff filed a motion to file an amended complaint, which was accompanied by a proposed amended complaint. On January 13, 2006, defendants filed a timely opposition to plaintiff's December 1, 2005 motion to amend his complaint. On February 10, 2006, plaintiff filed a proposed amended complaint, which was not accompanied by a motion to amend.

       Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). Because an answer was filed on June 3, 2005, plaintiff may not amend the complaint unless leave of court to do so is first given. Leave to amend should be given freely and when justice so requires. See id.; Forman

1  v. Davis, 371 U.S. 178, 182 (1962).  The liberal policy in favor of amendments is subject to some
2  limitation.  Motions to amend should be granted unless the district court determines that there has
3  been a showing of (1) undue delay, (2) bad faith on the part of the movant; (3) repeated failure to
4  cure deficiencies by previous amendments; or (5) futility of the proposed amendment.  See
5  Formon, 371 U.S. at 182.  Where an amendment would be futile or would be subject to dismissal,
6  the district court does not err in denying leave to amend.  See Saul v. United States, 928 F.2d 829,
7  843 (9th Cir. 1991).

8           Although the allegations of a pro se complaint, such as this one, are held to "less
9  stringent standards than formal pleadings drafted by lawyers," plaintiff must still comply with the
10 Federal Rules of Civil Procedure and the Local Rules of this District.  Haines v. Kerner, 404 U.S.
11 519, 520 (1972).  Pursuant to Rule 8, a complaint must contain a short and plain statement of the
12 claim.  Fed. R. Civ. P 8.

13          The court first considers plaintiff's December 1, 2005 proposed amended
14 complaint.  Plaintiff's proposed amended complaint is forty two pages long.  It seeks to add
15 nineteen new defendants, including Arnold Schwarzennegger and J. Woodford, the director of the
16 California Department of Corrections and Rehabilitation (CDRC).  Plaintiff's complaint includes
17 narratives describing how other inmates tend to interfere with the practice of Native American
18 beliefs.  It contains discussions of where plaintiff was raised and the matrilineal nature of the
19 Senneca Tribe.  His complaint refers to exhibits to his complaint, however, no such exhibits are
20 attached to plaintiff's complaint.

21          This pleading method does not, however, satisfy the requirement of Federal Rule
22 of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the
23 contrary, plaintiff's complaint would require the court to comb through the complaint to even
24 guess at plaintiff's claims.  Accordingly, the court finds that plaintiff's proposed complaint fails
25 to comply with Rule 8, and therefore allowing amendment would be futile.  See Saul, 928 F.2d at
26 843.  Plaintiff's December 1, 2005 motion to amend his complaint is denied and this action will

proceed on the existing pleadings.

The court next turns to the proposed amended complaint filed by plaintiff on February 10, 2006. As noted above, once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). Because an answer was filed on June 3, 2005, plaintiff may not amend the complaint unless leave of court to do so is first given. Plaintiff has filed neither a motion to amend nor a stipulation to amend the complaint signed by all parties. Plaintiff's February 10, 2006 proposed amended complaint will, therefore, be stricken, and this action will proceed on the existing pleadings.

IT IS ORDERED that:

1. Plaintiff's December 1, 2005 motion to amend his complaint (doc. 74) is denied; and

2. Plaintiff's proposed amended complaint submitted on February 10, 2006 is stricken from the record.

DATED: April 6, 2006.

                                              _____
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26